IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CRIMINAL NO. 07-00331-CG |
| | ) | |
| BRENT LABARRON PUGH | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the court on the defendant's Motion for New Trial (Doc. 74) pursuant to Rule 33, Federal Rules of Criminal Procedure. In that motion, the defendant asserts that his conviction should be vacated and a new trial granted based on the fact that new evidence has come to light since his conviction indicating that the defendant was not involved in the robbery of the Mobile Postal Employees Credit Union, as was alleged in Counts Three and Four of the Indictment. The Government has filed affidavits of two individuals who have confessed to that robbery, and whose affidavits also implicate a third individual, who is not the defendant. (Docs. 76, 80).

The newly-discovered evidence in this case meets the five-part test described in U.S. v. Lee, 68 F.3d 1267, 1274 (11th Cir. 1995):

> A new trial is warranted based upon circumstances coming to light after trial only if the following five part test is satisfied: (1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result.

The two confessions proffered as newly-discovered evidence were in fact discovered after the trial. There was no lack of diligence or due care on the defendant's part in not discovering the

evidence. The two confessions are clearly not merely cumulative or impeaching and are definitely material to guilt or innocence; and the evidence is of such a nature that a new trial would probably produce a different result. The United States agrees that under these circumstances, the granting of the motion for new trial is appropriate.

Accordingly, the motion is **GRANTED.** The defendant's convictions on Counts Three and Four are hereby **VACATED**, and a new trial is **ORDERED**.

There is also a Section 2255 Petition (Doc. 69) filed by the defendant still pending as to the defendant's one remaining count of conviction, Count Five. The Government stated at a hearing this date that it needs to apprise the court of updated information concerning the Brady violation at issue as to that Count, and orally requested that it be given until Friday, January 29, 2010, to file an updated response. That request is likewise **GRANTED**.

**DONE** and **ORDERED** this 25th day of January, 2010.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE